Citation Nr: 1443669 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 07-12 637 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

Entitlement to service connection for residuals of a broken nose. 


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

M. Taylor, Counsel


INTRODUCTION

Pursuant to 38 C.F.R. § 20.900(c), the appeal has been advanced on the Board's docket.

The Veteran had active service from December 1955 to October 1956.

This matter comes to the Board of Veterans' Appeals (Board) from a July 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon.

In September 2009, a Board hearing was held at the RO in Portland, Oregon, before a Veterans Law Judge (VLJ). A transcript of the hearing is in the Veteran's file. 

In April 2012 correspondence the Veteran was informed that the Veterans Law Judge who presided at his hearing had been designated to serve as Acting Chairman of the Board and is no longer available to consider the appeal. The Veteran was offered a new Board hearing. No response was received, and it is presumed that he does not want another hearing. 

In an October 2013 decision, the Board granted service connection for a psychiatric disorder, and remanded the issue of service connection for residuals of a broken nose to afford the Veteran a VA examination I March 2014. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

As reflected in the Board's March 2014 remand, the Board found good cause for the Veteran's failure to report for scheduled VA examinations in association with the issue of service connection for residuals of a broken nose. Following the remand, the Veteran was scheduled for VA examination in May 2014. In September 2014, the Veteran notified VA that he was unable to report for the scheduled VA examination due to hospitalization for removal of his gall bladder. 

Resolving doubt in the Veteran's favor, the Board finds good cause has been shown for the failure to appear for the May 2014 VA examination. The Veteran is to be afforded another opportunity to appear for a VA examination. Failure to report for a scheduled VA examination in association with the claim may result in a denial of the claim. 38 C.F.R. § 3.655 (2013). 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA nose examination by an appropriate medical professional. The entire claim file, to include all electronic files, must be reviewed by the examiner. 

The examiner is to conduct all indicated tests. 

The examiner is to provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that residuals of a broken nose are related to his active service. 

The examination report must include a complete rationale for all opinions expressed. If the examiner feels that a requested opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e. additional facts are required, or the examiner does not have the needed knowledge or training). 

2. Finally, readjudicate the appeal. If the benefit sought remains denied, issue a supplemental statement of the case and return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
RONALD W. SCHOLZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).